**IN THE COURT OF APPEALS OF IOWA**

No. 15-2197
Filed November 23, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GABRIEL EARL OLSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Guthrie County, Richard B. Clogg (suppression hearing) and Paul R. Huscher (trial), Judges.

        A defendant appeals his conviction claiming his motion to suppress evidence was wrongly denied.  **AFFIRMED.**

        Robert G. Rehkemper of Gourley, Rehkemper & Lindholm, PLC, West Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

        Heard by Vogel, P.J., and Tabor and Mullins, JJ.

**VOGEL, Presiding Judge.**

Gabriel Olson appeals his conviction for operating while intoxicated, first offense, in violation of Iowa Code section 321J.2 (2015), asserting the district court erred in denying his motion to suppress. Olson claims there was no basis to stop his vehicle and the stop violated his right to be free from illegal search and seizure under the Fourth Amendment of the United States Constitution and article 1, section 8 of the Iowa Constitution. We conclude probable cause existed to justify the stop of Olson's vehicle. Therefore, we affirm.

I.      Background Facts and Proceedings

While on foot patrol just after midnight on July 26, 2015, an Iowa Department of Natural Resources officer observed a truck make a wide right turn as it entered the campground in Springwood State Park. According to the officer, the truck entered the oncoming lane as it turned and nearly touched the grass on the opposite side of the road. The officer used his flashlight to signal the truck to stop because it had entered the park after hours and he wanted to ensure all occupants were registered campers.[1] The driver—Olson—told the officer that he was a registered camper and all occupants were staying the night.

While talking with Olson, the officer noted the smell of alcohol coming from the vehicle, Olson's eyes were watery and his speech was slurred, and there was a can of beer in the cup holder. He asked Olson if he had consumed any alcohol; Olson admitted he had consumed a couple of beers. The officer then

---

[1] A sign posted at the entrance of Springwood State Park states the park closes at 10:30 p.m.; all visitors and nonregistered campers are required to vacate before 10:30 p.m.

performed a field sobriety test and a breathalyzer, which gave a reading of .234 blood alcohol content.

The State charged Olson with operating while intoxicated, first offense. Olson filed a motion to suppress, which claimed the officer lacked both probable cause and reasonable suspicion to stop Olson's vehicle and, therefore, the stop was illegal and the subsequently obtained evidence must be suppressed. After a hearing on the issue, the district court denied Olson's motion.[2] The district court found Olson guilty in a stipulated trial on the minutes of evidence. Olson appeals.

II.    Standard of Review

We review motions to suppress based on constitutional grounds de novo. *State v. Lane*, 726 N.W.2d 371, 377 (Iowa 2007). "This review requires 'an independent evaluation of the totality of the circumstances as shown by the entire record.'" *Id.* (quoting *State v. Turner*, 630 N.W.2d 601, 606 (Iowa 2001)). "In doing so, we give deference to the factual findings of the district court due to its opportunity to evaluate the credibility of the witnesses, but are not bound by such findings." *Id.*

---

[2] While the district court noted the two traffic violations in its findings of fact, it ultimately relied on the officer's community caretaker functions to justify the stop. Specifically, the court stated: "Here the park ranger was acting within his legal authority in stopping defendant's vehicle to verify defendant was a registered camper at the campground and to inform the defendant and the passengers about the State Park Campground's policies regarding leaving the park after the park closed."

III.    Motion to Suppress

Olson argues the officer violated his constitutional right to be free from unreasonable searches and seizures when the officer stopped Olson's vehicle. The State asserts the officer had probable cause to believe a traffic violation had occurred.

"Both the Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution prohibit unreasonable searches and seizures by the government." *State v. Tyler*, 830 N.W.2d 288, 291 (Iowa 2013). We are free to evaluate claims under the Iowa Constitution independently from federal claims. *Id.* Yet, here, we "apply the general standards as outlined by the United States Supreme Court for addressing a search and seizure challenge under the Iowa Constitution."[3] *Id.* at 291–92.

In order to justify a stop of a vehicle, law enforcement must have either probable cause that a traffic violation has occurred or reasonable suspicion criminal activity is occurring. *State v. Pals*, 805 N.W.2d 767, 774 (Iowa 2011). Whether law enforcement had probable cause is measured against an objective standard, and the analysis is not limited to the reasons articulated by individual officers. *See State v. Tague*, 676 N.W.2d 197, 201 (2004); *State v. Predka*, 555 N.W.2d 202, 206 (Iowa 1996). "The State has the burden to prove by a preponderance of the evidence that the officer had probable cause to stop the vehicle." *Tague*, 676 N.W.2d at 201.

---

[3] Olson requests we break new ground and "set forth specific standards governing the suspicionless stop of motor vehicles under an independent application of article I, section 8 of the Iowa Constitution." However, this case may be resolved under our established search-and-seizure case law.

"When a peace officer observes a violation of our traffic laws, however minor, the officer has probable cause to stop a motorist." *Id.* Iowa Code section 321.311(1)(a) provides: "Both the approach for a right turn and right turn shall be made as close as practical to the right-hand curb or edge of the roadway." Additionally, Iowa Code section 321.297(1) requires all vehicles to be driven on the right side of the road absent an exception. While the officer said he stopped Olson to ensure the occupants of the vehicle were registered campers, he also testified he observed Olson make a wide right turn and enter the oncoming lane of traffic. *See Predka*, 555 N.W.2d at 202 (holding "probable cause—not the motivation of the arresting officer—determines whether the stop is valid"). The photograph admitted into evidence depicts a roadway wide enough for two lanes of traffic. Olson argues the campground road was narrow and the officer could not be sure there was not a reason for Olson's wide turn. Yet, ultimately, Olson does not dispute that he made a wide right turn. The officer's testimony regarding Olson's traffic violations, which are essentially undisputed, amounts to probable cause Olson violated Iowa Code sections 321.311(1)(a) and 321.297(1). Therefore, we find the stop was justified because probable cause existed to believe one or more traffic violations had occurred.

IV.   Conclusion

As we conclude the State had probable cause to stop Olson's vehicle, we affirm the district court's ruling and Olson's conviction.

**AFFIRMED.**